129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert CHESKA and Georg Nuber, Defendants-Appellees.
 No. 97-1398.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 9, 1997.
Decided Oct. 30, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before Hon. RICHARD D. CUDAHY, Circuit Judge Hon. Kenneth F. RIPPLE, Circuit Judge Hon. Michael S. KANNE, Circuit Judge
 ORDER
 This appeal comes to us by way of 18 U.S.C. § 3731, which permits the United States to take an interlocutory appeal when a district court excludes evidence before a criminal trial. In this case, the district court refused to receive evidence of several prior bad acts under Fed.R.Evid. 404(b). Because the district court was disinclined to apply our precedent, we reverse and remand.
 The United States alleges that Robert Cheska and Georg Nuber conspired to kill Nuber's horse and collect the insurance proceeds. The government charged the pair with using the United States mails to defraud the insurer in violation of 18 U.S.C. § 1341. The government moved in limine for the admission of several pieces of evidence: First, the government wishes to introduce evidence of prior horse killings by Robert Cheska and another man. Second, the government offers evidence that Cheska committed several horse killings on his own in order to collect insurance proceeds. And third, the government submits a taped conversation between Cheska and a government cooperator in which Cheska mentions his "concern" about Nuber's horse. The proffered basis for admitting this evidence is Fed.R.Evid. 404(b); alternatively, the government argues that the evidence is admissible because it is inextricably intertwined with the charged offense.
 The district court refused to receive any of this evidence, except that it conditionally admitted part of the taped conversation. While the court did consider all the evidence, it found little probative value in any of it. Rather, the court decided that the prejudicial effect greatly outweighed any probative value. "All [the evidence] does is show that ... he himself, Cheska, was a bad guy." Transcript of Proceedings at 21. The court also stated that, "I would agree with [the Assistant United States Attorney] that in drug cases ... all stops have long since been pulled out. But this is not a drug case.... For some reason, we have historically been very compliant with the government's desires in drug cases, not I, but the Courts generally." Id. at 25-26.
 Normally, we would review the district court's decision for abuse of discretion. See United States v. Zizzo, 120 F.3d 1338, 1351 (7th Cir.1997). However, in this case, we do not reach the district court's discretion. Rather, we observe that the district court conducted an improper analysis. While our abuse of discretion standard restrains us from second-guessing a district court's sound judgment, "it may be possible to tell whether the district court ... took the right things into account. A flaw in the process is easier to detect than a flaw in the result." United States v. Beasley, 809 F.2d 1273, 1279 (7th Cir.1987). In this case, there was a flaw in the process.
 The district court divided our 404(b) jurisprudence into two categories--drug cases and non-drug cases. We know of no reason for a distinction along those lines or for a two-tiered standard of analysis. For years now we have used the same four-part test for admission of evidence of prior bad acts in all cases. See, e.g., United States v. Allison, 120 F.3d 71, 74 (7th Cir.1997); United States v. Shackleford, 738 F.2d 736, 739 (7th Cir.1984). There is no basis for a departure from this standard practice.
 We stress that we do not hold that the district court abused its discretion in admitting or not admitting any of the evidence. We hold only that the analysis was improper. When further proceedings occur, the district judge should use the standard four-part test to evaluate the evidence that the government offers.
 The alternate provision of Circuit Rule 36 shall apply, and on remand this case shall be reassigned to a different judge for further proceedings consistent with this order.
 For the foregoing reasons the matter is REVERSED and REMANDED.
 
 
 1
 CUDAHY, Circuit Judge, dissenting.
 
 
 2
 I do not believe that Judge Grady's perhaps over-candid remarks about drug and Fourth Amendment cases are a sufficient basis for reversal. These remarks had little relation to his ruling, the essence of which is captured by the following passage:
 
 
 3
 I regard the evidence pertaining to matters that don't involve either the killing of horses or the commission of insurance frauds in regard to horses as outside the permissible scope of evidence admissible under Rule 404(b). For instance, the fact that Cheska and Bums stole saddles together is completely irrelevant to any issue in this case and would be highly inflammatory and, I think, unfair to Cheska. That evidence is simply designed to show that Cheska is a bad guy, that he is a criminal, a thief, and, therefore, somebody likely to commit the kind of fraud that is charged in this case.
 
 
 4
 Now, the government has some sort of fancy explanation as to why it is necessary to show that Cheska anticipated some sort of skulduggery by Bums, but that paints with too broad a brush. On that theory, the government could get in almost anything against any defendant in any case. The primary purpose of this, whether you know it or not, is to prove to the jury that Cheska has the kind of character that makes him likely to commit the kind of fraud alleged in this indictment.
 
 
 5
 Tr. of 1/22/97, at 20.
 
 
 6
 This analysis is consistent with our precedent. I, therefore, respectfully dissent.