In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1129

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REGINALD WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 96 CR 20034--Michael P. McCuskey, Judge.

Argued December 8, 2000--Decided January 26, 2001

        Before FLAUM, Chief Judge, and RIPPLE and EVANS,
Circuit Judges.

        RIPPLE, Circuit Judge.  Reginald Williams was
convicted of possessing with intent to distribute
cocaine base ("crack") in violation of 21 U.S.C.
sec.sec. 841(a)(1) and 841 (b)(1)(A). The
district court sentenced Mr. Williams to 151
months of imprisonment, a five-year term of
supervised release, and a $50 special assessment.
Mr. Williams now appeals his conviction and
sentence to this court. For the reasons set forth
in this opinion, we affirm the judgment of the
district court.

I
BACKGROUND

        When state police officers executed a search
warrant on an apartment in Champaign, Illinois,
they found Reginald Williams and another man,
Keith Stitt; they also found 79 bags of crack
cocaine in two hollowed-out hardback books as
well as drug paraphernalia. Mr. Williams'
fingerprints were found on both books, and some
personal papers of his also were found elsewhere
in the apartment.

        In May 1999, Mr. Williams was arrested on the
basis of an indictment charging him with
possession of "more than 50 grams of a mixture or
substance containing cocaine base, 'crack' a

Sche[d]ule II controlled substance with the intent to distribute it" in violation of 21 U.S.C. sec.sec. 841(a)(1) and 841(b)(1)(A)(iii). R.1 at 1.

Before trial, the Government notified Mr. Williams that it would seek to introduce the testimony of John Peeler, a confederate of Mr. Williams. Peeler often had purchased drugs from Mr. Williams, and the Government intended to introduce his testimony to demonstrate Mr. Williams' "motive, opportunity, intent, preparation, plan, knowledge and absence of mistake or accident." R.32 at 6. Peeler would testify: (1) that he had purchased crack cocaine from Mr. Williams at the location of the search on two or three occasions; (2) that he had purchased crack cocaine from Mr. Williams three to six times at Mr. Williams' previous Champaign residence six or seven months before the search; and (3) that on 50 to 100 occasions, he had watched others working for him enter Mr. Williams' previous residence and return minutes later with crack cocaine. In response to the Government's notification, Mr. Williams filed a motion in limine; he claimed that Peeler's evidence was not sufficiently related to the facts of the case and was overly prejudicial under Federal Rule of Evidence 404(b) ("Rule 404(b)"). In this motion, Mr. Williams also offered to stipulate that whoever the jury found to have possessed the cocaine in question also had the requisite knowledge and intent to be convicted.

The district court denied this motion; it held that the evidence was "very, very relevant . . . under 404(b)" and that the Government was entitled to prove its case without such stipulation, because "the easiest way for the jury to follow this case and . . . find out what knowledge and intent to distribute [are] is to focus on the facts prior to [the search and recovery of the crack cocaine in this case]." R.59 at 161-62. At trial, before Peeler testified, the district court gave a limiting instruction that his testimony should be considered only on the question of motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident.

The Government asked the jury to find that Mr. Williams knowingly possessed "cocaine base ('crack')" with intent to distribute. R.43 at 17. Notably, the jury was instructed specifically that the "quantity of the cocaine base possessed by [Mr. Williams] . . . is not an element of this offense." Id. at 21. After deliberating, the jury returned a verdict of guilty.

A presentence report ("PSR") was then prepared. According to this document, Mr. Williams was responsible for possessing with intent to distribute "60.4 grams of cocaine base (crack)," R.48 at 6 para. 15, and based on his criminal history category of III and his resulting offense level of 32, Mr. Williams' applicable Sentencing Guideline range was 151 to 188 months. The PSR also concluded that, based on 21 U.S.C. sec. 841(b)(1)(A), the statutory minimum term of imprisonment for the offense was ten years and the maximum term was life. The district court adopted the PSR's findings, and it sentenced Mr. Williams to 151 months of imprisonment, a five-year term of supervised release, and a $50 special assessment. Mr. Williams now appeals his conviction and sentence to this court.

II
DISCUSSION
A.

Mr. Williams first contends that the district court erred in allowing the Government to introduce Peeler's testimony as evidence of knowledge and intent under Rule 404(b). We review a district court's decision to admit evidence under Rule 404(b) for an abuse of discretion. See United States v. Williams, 216 F.3d 611, 614 (7th Cir. 2000). Under Rule 404(b), "evidence of other misconduct is not admissible to show that the defendant acted in conformity therewith, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity." United States v. Wash, 231 F.3d 366, 370 (7th Cir. 2000) (citation and quotation marks omitted). We employ a four-part test to determine the admissibility of evidence under Rule 404(b):
(1) [T]he evidence [must be] directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[ ] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.
Williams, 216 F.3d at 614.

1.

Mr. Williams contends that the district court failed to engage in the fourth part of this test. In his view, the district court's remark that Peeler's testimony was "very, very relevant," R.59 at 162, demonstrates that the court

neglected to weigh the relevance of the evidence against the risk of unfair prejudice to Mr. Williams.

This characterization of the district court's evaluation of Peeler's testimony is not supported by the record. Earlier in the trial, the district court had employed the Rule 404(b) balancing test with regard to other evidence that the Government wished to present regarding Mr. Williams' knowledge and intent. The court had determined that "the knowledge and intent issue there was outweighed by the prejudice" in some cases. R.59 at 160. In addressing Peeler's testimony, it noted that it must again employ "the weighing function" and that Peeler's testimony was "narrowly focused [in a time period close to the search in this case]" and was "not trying to blacken or tar or show a propensity"; therefore the court determined that the evidence was admissible under Rule 404(b). Id. at 161-62. The record thus demonstrates that the district court was aware of its duty to balance the prejudicial effect of Peeler's testimony to Mr. Williams with the probative value of the evidence, and that, indeed, it did so. See United States v. Hernandez, 84 F.3d 931, 935-36 (7th Cir. 1996)./1

2.

Mr. Williams also claims that Peeler's testimony was unduly prejudicial because Mr. Williams had offered to stipulate to the elements of knowledge and intent if the jury found that he possessed the crack cocaine at issue. He asserts that, in light of this offer to stipulate to these elements, the Government had no legitimate reason to introduce evidence regarding knowledge and intent.

We believe that this argument is without merit. In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court explained that "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense." Id. at 189. It held that this general rule did not apply when the issue in question is the defendant's legal status of being convicted of a prior crime because "proof of the defendant's status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense." Id. at 191. Therefore, if a defendant offered to stipulate that he had committed the relevant prior offense, the risk of unfair prejudice in introducing evidence demonstrating the commission of such an offense would generally outweigh its probative value. See id. at 191-92. Notably, however, the

Supreme Court contrasted that exception with the sort of situation confronting us here. The Court noted that if "there were a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident), Rule 404(b) guarantees the opportunity to seek its admission." Id. at 190 (internal citation and quotation marks omitted). It explained that, as a general rule, a defendant's ability to stipulate evidence away would hinder unfairly the prosecution by breaking the "natural sequence of narrative evidence" and would render prosecutors unable to meet the jury's expectations of proof regarding important elements of an offense. Id. at 188-89.

We believe that, in a case such as the one before us, Old Chief counsels that a defendant's offer to stipulate to an element of an offense does not render inadmissible the prosecution's evidence of prior crimes to prove elements such as knowledge and intent. Here, Mr. Williams' prior acts were clearly related to the specifics of the misconduct that he was charged with in the present case. Additionally, in stark contrast to the legal status issue in Old Chief, a proposed stipulation like Mr. Williams', indicating that "whoever" possessed the drugs in question had the relevant intent and knowledge to be convicted, R.26, Ex.A, simply does not contain the same or similar evidentiary force as a showing that Mr. Williams himself had such intent and knowledge. See United States v. Crowder, 141 F.3d 1202, 1208 (D.C. Cir. 1998) (en banc) (noting that such a choice is "between concrete evidence of the defendants' actions giving rise to natural and sensible inferences, and abstract stipulations about hypothetical persons not on trial"), cert. denied, 525 U.S. 1149 (1999). Moreover, evidence that is probative as to Mr. Williams' specific intent or knowledge, such as the testimony at issue here, might also help to demonstrate his guilt on a disputed issue such as possession in a way that the proffered stipulation could not. See id. at 1208 (citing Old Chief, 519 U.S. at 187). As a result, as the other circuits to consider this issue after Old Chief have held, we believe that Old Chief counsels that a defendant's offer to stipulate unequivocally to an element of an offense, such as those demonstrating knowledge or intent, does not render the Government's evidence of prior crimes that are relevant to those elements inadmissible under Rule 404(b). See United States v. Bilderbeck, 163 F.3d 971, 977-78 (6th Cir.), cert. denied, 528 U.S. 844 (1999); Crowder, 141 F.3d at 1209; United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997)./2 If such evidence otherwise passes the four-part test

for Rule 404(b) evidence described above, it may be introduced against a defendant at trial.

3.

In sum, the district court did not abuse its discretion in determining that the probative value of Peeler's testimony outweighed its prejudicial effect. Peeler's testimony was indeed "very relevant" to Mr. Williams' knowledge that he possessed an illegal drug and to his intent to distribute it. Moreover, the district court gave a limiting instruction to the jury; it cautioned the members to consider only Peeler's testimony as it regarded motive, opportunity, preparation, plan, knowledge, identity and absence of mistake--a procedural safeguard that we often have found to minimize the prejudicial effect of such evidence. See Williams, 216 F.3d at 615; United States v. Griffin, 194 F.3d 808, 821 (7th Cir. 1999), cert. denied, 120 S. Ct. 1546 (2000); United States v. Allison, 120 F.3d 71, 75 (7th Cir. 1997). Therefore, the admission of Peeler's testimony under Rule 404(b) was not an abuse of discretion.

B.

Mr. Williams also argues that his sentence was determined erroneously. He relies on Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), in which the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." We cannot accept Mr. Williams' argument on the basis of existing circuit precedent. We have held that, when a defendant is sentenced to a term of imprisonment within the statutory maximum for the crime of which he was convicted, "Apprendi is beside the point." Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000). Here, Mr. Williams was convicted of possession with the intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. sec. 841(a). Although the jury did not specifically find an amount of cocaine base ("crack") attributable to him, the district court, in sentencing Mr. Williams to a term of 151 months in prison, relied on 21 U.S.C. sec. 841 (b)(1)(A), which authorizes sentences of up to life imprisonment for offenses involving 50 grams or more of a substance containing cocaine base. Nevertheless, because the lowest statutory maximum sentence for any violation of sec. 841(a) is 20 years when a Schedule II controlled substance is involved, see 21 U.S.C. sec. 841(b)(1)(C), and Mr. Williams was sentenced to a term of 12 years and 7 months,/3 his sentence was not improper in light of Apprendi. See id. at

869 ("When a drug dealer is sentenced to less than 20 years' imprisonment--the limit under 21 U.S.C. sec. 841(b)(1)(C) for even small-scale dealing in Schedule I and II controlled substances--again, Apprendi is irrelevant . . . ."); see also United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000).

In sentencing Mr. Williams, the district court also appears to have relied on 21 U.S.C. sec. 841(b)(1)(A)(iii)'s requirement that any offense involving more than 50 grams of a substance containing cocaine base should receive a mandatory minimum sentence of 10 years. Mr. Williams claims that the court's reliance on this mandatory minimum sentence is also violative of Apprendi. However, the majority opinion in Apprendi specifically stated that, in cases involving a mandatory minimum sentence, the rule of Apprendi is not implicated when the actual sentence imposed is less severe than the statutory maximum. See Apprendi, 120 S. Ct. at 2361 n.13 (citing McMillan v. Pennsylvania, 477 U.S. 79 (1986)). We have held that, in light of Apprendi's specific statement regarding this issue and the opinion's focus on the "prescribed statutory maximum," if a defendant is sentenced under the statutory maximum, his sentence is not violative of Apprendi, regardless of a district court's consideration of a mandatory minimum sentence. United States v. Smith, 223 F.3d 554, 565-66 (7th Cir. 2000), petition for cert. filed, (U.S. Nov. 14, 2000) (No. 00-7070), (U.S. Nov. 15, 2000) (No. 00-7021), (U.S. Nov. 15, 2000) (No. 00-7085). In this respect, our rule is the same as in the other circuits that have decided this issue. See United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) (per curiam); United States v. Meshack, 225 F.3d 556, 576 (5th Cir. 2000), cert. denied, Parker v. United States, ___ S. Ct. ___, 2001 WL 13025 (2001); Aguayo-Delgado, 220 F.3d at 934. As a result, because Mr. Williams was sentenced to a term under the statutory maximum of 20 years, his claim in this regard is without merit.

Conclusion

Therefore, for the reasons set forth in this opinion, the judgment of the district court is affirmed.

AFFIRMED


/1 We note in passing that the details of Peeler's testimony were clearly sufficient to satisfy the remaining parts of the four-part test. We often

have upheld the use of similar evidence regarding past involvement with drugs to demonstrate the elements of intent and knowledge in a drug prosecution and have noted that these purposes are different from demonstrating that a defendant had a propensity for drug dealing. See United States v. Griffin, 194 F.3d 808, 820 (7th Cir. 1999), cert. denied, 120 S. Ct. 1546 (2000); United States v. Allison, 120 F.3d 71, 74 (7th Cir. 1997); United States v. Long, 86 F.3d 81, 84 (7th Cir. 1996); United States v. Curry, 79 F.3d 1489, 1495 (7th Cir. 1996). We also have held that a defendant's past involvement with the same or a similar type of drugs, in instances far more removed in time than the events Peeler testified to (which here occurred only months before the search in this case, at times in the same apartment where the drugs were found), have satisfied the similarity and proximity requirement of the test. See United States v. Ruiz, 178 F.3d 877, 880 (7th Cir.), cert. denied, 528 U.S. 897 (1999); Allison, 120 F.3d at 75; Long, 86 F.3d at 85; United States v. Hernandez, 84 F.3d 931, 935 (7th Cir. 1996). Finally, Peeler's testimony certainly could support a jury's finding that Mr. Williams committed these similar past acts. See Long, 86 F.3d at 85-86; Curry, 79 F.3d at 1496.

/2 In dicta, we have already agreed with the general proposition that, even after Old Chief, no rule of law "limits the prosecutor to one piece of evidence in support of each element of the offense . . . even when the element is uncontested--indeed, even when the defendant offers to admit the element." Gonzalez v. DeTella, 127 F.3d 619, 621 (7th Cir. 1997) (citing Old Chief, 519 U.S. at 187-88).

/3 This was the sentence recommended by the probation officer as the minimum guidelines sentence.