In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3941

United States of America,

Plaintiff-Appellee,

v.

Twaine Jones,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99-CR-30249-WDS--William D. Stiehl, Judge.

Argued April 6, 2001--Decided April 24, 2001

Before Flaum, Chief Judge, and Posner and
Williams, Circuit Judges.

Flaum, Chief Judge.  Twaine Jones
appeals his convictions for possession
with intent to distribute various
controlled substances as well as his
sentence. He contends that impermissible
character evidence was introduced at his
trial and that the judge increased his
sentence based on quantities of drugs
that were not presented to the jury nor
proven beyond a reasonable doubt. For the
reasons stated herein, we affirm.

I.  Background

  On August 10, 1998, police executed a
search warrant at 1120 North 45th Street
in Washington Park, Illinois. They
discovered and seized crack cocaine,
cocaine hydrochloride, marijuana, and
guns. The police also recovered
photographs of Twaine Jones and his
family along with bills, letters, and
other items addressed to the defendant at
the house, indicating that Jones lived
there. The government indicted Jones for
possessing the narcotics found in the
North 45th Street home. The counts of the

indictment relevant on appeal are all violations of 21 U.S.C. sec. 841(a)(1): possession with intent to distribute 135.8 grams of cocaine base; possession with intent to distribute 75.9 grams of cocaine hydrochloride; and possession with intent to distribute 2,658.29 grams of marijuana.

Prior to trial, the government filed a notice of intent to present testimony concerning prior drug dealing by the defendant and evidence that was recovered from the same home through a previous search warrant. The defendant filed a motion in limine seeking to exclude any testimony regarding his prior acts, which was opposed by the government. Applying the four-pronged test for admission of prior acts evidence under Federal Rule of Evidence 404(b), see, e.g., United States v. Williams, 238 F.3d 871, 874 (7th Cir. 2001), the district court decided that the evidence proffered by the government could be introduced.

Jones's trial began on July 18, 2000. The government's evidence included the testimony of three individuals who had purchased drugs from Jones in the past. Pervis Harris, Rodney Weatherby, and Cortez Wooten all testified that they repeatedly purchased drugs from Jones at the North 45th Street house during the late nineteen-nineties. Harris and Weatherby also testified that Jones told them about the 1998 search warrant and what the police recovered from the residence. The government also presented Terrence Delaney, who testified that he had been the captain of a drug and gang tactical unit that executed a search warrant at 1120 North 45th Street in 1993. His group seized crack cocaine, marijuana, and various personal papers belonging to Jones from that home. The defendant did not object to any of this evidence when it was introduced at trial. Jones's primary defense was that he did not reside at the North 45th Street house during the time the 1998 search warrant was executed and thus any drugs found there did not belong to him. At the close of evidence, the court instructed the jury that they could consider the above described prosecution evidence "only on the question of identity, knowledge, and intent. You should consider this evidence only for this limited purpose."

On July 20, 2000, the jury returned a guilty verdict on the three counts of possession with intent to distribute. The court held a sentencing hearing on November 6, 2000. The government argued that the drugs sold by Jones to Harris, Weatherby, Wooten, and other witnesses should be considered relevant conduct and added to the amounts seized from 1120 North 45th Street for sentencing purposes. The defendant objected on the basis of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), claiming that quantities of narcotics not proven to the jury could not be used to increase his sentence. The court agreed with the government and found Jones responsible for 1.2 kilograms of cocaine base, more than 14 kilograms of cocaine hydrochloride, and the amount of marijuana alleged in the indictment. These extra amounts of drugs translated into a two-point increase in Jones's offense level. Jones received concurrent sentences on each of the three counts, with the longest being thirty years for possession with intent to distribute cocaine base.

II.  Discussion
A.  Rule 404(b) Evidence

Under Rule 404(b), evidence of a defendant's other acts may be introduced if a four-part test is satisfied. See Williams, 238 F.3d at 874; United States v. Wash, 231 F.3d 366, 370 (7th Cir. 2000). Jones claims that the 404(b) testimony admitted at his trial fails the first and fourth prongs of this test: the evidence did not establish any matter in issue besides propensity, and the danger of unfair prejudice substantially outweighed the probative value. This argument is apparently premised on the fact that Jones's defense at trial was that he did not live at the North 45th Street residence during the time the 1998 search warrant was executed and so any narcotics found in the house were not his. Jones contends that the statements of Harris, Weatherby, and Wooten do not counter his defense and are thus irrelevant because none of the three drug purchasers could directly testify that Jones stored any controlled substances in the house. Similarly, Jones argues that Delaney's testimony also does not cast doubt on his defense because Delaney's evidence shows only that drugs were

stored in the house five years earlier, rather than that Jones lived in the house and knew of the narcotics in 1998. According to Jones, because the Rule 404(b) evidence was not relevant to whether he lived in the house and thus possessed the drugs, its only effect was to unfairly prejudice him by showing his propensity to traffic in controlled substances. The government contends that the evidence was admissible to show Jones's intent and knowledge and did not unduly prejudice him. The parties also dispute whether we should review for abuse of discretion or plain error,/1 but we need not address this question because under either standard Jones's challenge fails.


1.  Matter other than propensity.

The elements of possession with intent to distribute under 21 U.S.C. sec. 841(a)(1) are: (1) possession of a controlled substance; (2) knowledge that the material is a controlled substance; and (3) intent to distribute it. Lanier v. United States, 220 F.3d 833, 840 (7th Cir. 2000). Jones argues that because he was only disputing the first element, possession, the government should not have been permitted to present evidence on the second and third elements. However, this contention misapprehends the government's burden in a criminal trial. In all criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt to convict a defendant. Estelle v. McGuire, 502 U.S. 62, 69 (1991) ("[T]he prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense."); see also Mathews v. United States, 485 U.S. 58, 64-65 (1988) ("A simple plea of not guilty puts the prosecution to its proof as to all elements of the crime charged.") (citation omitted). Even though Jones focused only on the first element of the alleged crime, denying that he possessed the drugs contained in the house on North 45th Street, the government was still required to prove both his knowledge that the substances were narcotics and his intent to distribute by submitting evidence on those issues. United States

v. Kellum, 42 F.3d 1087, 1093 (7th Cir. 1994).

The Rule 404(b) evidence submitted in this case aided the prosecution in carrying its burden of proving intent and knowledge, and so satisfies the first prong of the Rule 404(b) test. Jones's transactions with Harris, Weatherby, and Wooten showed that Jones in the past had sold drugs that he had possessed. Evidence that he previously distributed narcotics supports a finding that he intended to distribute the drugs found when the 1998 search warrant was executed and that he knew these substances were drugs. Indeed, intent to distribute drugs and knowledge that a particular substance is a narcotic often are proven through testimony about prior sales of controlled substances. See, e.g., United States v. Denberg, 212 F.3d 987, 993-94 (7th Cir. 2000); United States v. Tringali, 71 F.3d 1375, 1379 (7th Cir. 1995). Jones's discussions with Harris and Weatherby concerning the search warrant and confiscation of Jones's drugs aided the prosecution in establishing that Jones knew he was selling a controlled substance. Delaney's testimony furthered the government's case by demonstrating that Jones had repeatedly possessed large amounts of narcotics, which supports a finding that the possessor intended to distribute the drugs to others since such quantities are unlikely to be consumed by a single person. Also, Delaney's testimony supported the proposition that Jones had previously been present in the house when substantial amounts of drugs were present, increasing the probability that he knew that the substances in the house in 1998 were narcotics.

2. Unfair prejudice.

Evidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case on improper grounds. See Denberg, 212 F.3d at 994; United States v. Long, 86 F.3d 81, 86 (7th Cir. 1996). As discussed above, the Rule 404(b) testimony presented in this case was primarily directed toward elements of the crime that the prosecution was required to establish, namely, Jones's intent to distribute and his knowledge that he possessed narcotics. The jury's use of the Rule 404(b) evidence on these legally

relevant issues of intent and knowledge does not constitute unfair prejudice.

The jury might also have been tempted to use the Rule 404(b) evidence to infer a propensity of Jones to engage in drug trafficking activities, which would have been unfairly prejudicial. However, any such potential prejudice was ameliorated by the limiting instruction given by the trial court. Williams, 238 F.3d at 876; Denberg, 212 F.3d at 994. We assume that juries follow a court's instructions, United States v. Wilson, 237 F.3d 827, 835 (7th Cir. 2001), which means in this instance that we assume the jury used the evidence only for intent and knowledge and not to infer a propensity for committing illegal acts. Therefore, Jones was not unfairly prejudiced by the Rule 404(b) evidence.

B.  Apprendi

Jones argues that the trial court improperly increased his sentence on the basis of drug quantities that were notalleged in the indictment or proven to the jury. The court did this by attributing the drugs Jones sold to Harris, Weatherby, Wooten, and others as relevant conduct under the Sentencing Guidelines, increasing Jones's offense level under the Guidelines by two and thus lengthening his sentence. In support, Jones relies on a number of cases holding that drug quantities must be proven to increase a defendant's sentence under sec. 841(b).

Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The jury found that the government had proven the charges listed in the indictment, one of which was that Jones possessed with the intent to distribute 135.8 grams of cocaine base, beyond a reasonable doubt. The statutory maximum for possession with intent to distribute 50 or more grams of cocaine base is life imprisonment. 21 U.S.C. sec. 841(b)(1)(A)(iii). Since the thirty-year sentence that Jones received is less than the statutory maximum of life imprisonment, Apprendi is not implicated.

The principal thrust of Jones's argument is that relevant conduct under the Sentencing Guidelines must be proven to the jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. We have squarely rejected this argument. "[P]ursuant to the sentencing guidelines, district courts may still determine a drug offender's base level offense by calculating quantities of drugs that were not specified in the count of conviction but that the court concludes, by a preponderance of the evidence, were a part of the defendant's relevant conduct, as long as that determination does not result in the imposition of a sentence that exceeds the statutory maximum penalty for that crime." United States v. Jones, No. 00-2531, 2001 WL 294306, at *5 (7th Cir. Mar. 28, 2001); see also Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000) ("Apprendi does not affect application of the relevant-conduct rules under the Sentencing Guidelines to sentences that fall within a statutory cap."). Because the district court's reliance on Jones's relevant conduct in applying the Guidelines did not result in a sentence exceeding the statutory maximum of life imprisonment, the court did not violate the rule of Apprendi.

III.  Conclusion

The evidence regarding Jones's prior drug sales and having a large quantity of drugs in his alleged residence was probative of his intent to distribute narcotics and knowledge that the substances he possessed were controlled. The evidence was not unfairly prejudicial given its probative value and the trial court's limiting instruction. Because the jury found beyond a reasonable doubt facts that made Jones eligible for a statutory maximum sentence of life imprisonment, the district court did not violate Apprendi in enhancing Jones's offense level under the Sentencing Guidelines by including uncharged drug sales as relevant conduct. Therefore, Jones's convictions and sentence are

Affirmed.

1/ The standard of review issue centers around

whether the district court's denial of Jones's pre-trial motion to exclude the Rule 404(b) evidence was conditional or definitive. If the pre-trial denial was definitive, then Jones did not need to object during the trial to preserve the issue and so we would review for abuse ofdiscretion; if the pre-trial denial was conditional, objections during the trial would be necessary and Jones's failure to make those would cause us to review only for plain error. See Wilson v. Williams, 182 F.3d 562, 567 (7th Cir. 1999) (en banc). Because the standard of review does not affect the outcome, we need not decide whether the trial court's denial of the motion in limine was definitive or conditional.