UNITED STATES of America,
Plaintiff–Appellee,

v.

Gene L. SUTTON, Sr., Defendant–
Appellant.

No. 02–1854.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 4, 2003.

Decided Oct. 7, 2003.

David H. Hoff, Office of the United States Attorney, Urbana, IL, for Plaintiff–Appellee.

Brian P. Mullins, Federal Defender Services Of Eastern Wisconsin, Inc., Milwaukee, WI, for Defendant–Appellant.

Before FLAUM, Chief Judge, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Gene L. Sutton, Sr. ("Sutton") was convicted of knowingly possessing marijuana with the intent to distribute. The district court sentenced him to 46 months' imprisonment. Sutton appeals his conviction, arguing that the district court erred in admitting statements he made to officers during his arrest and in admitting evidence of prior bad acts. He also challenges the sufficiency of the evidence. We affirm.

## I.

After a confidential informant purchased marijuana from a residence in St. Anne, Illinois, Kankakee County law enforcement officers obtained a search warrant for the home and its curtilage. Officers executed the warrant on October 6, 2000. When the officers arrived, they found Gene Sutton, Sr., and his two sons, Gene, Jr., and Cameron, at home. The officers handcuffed the three during the search for their own protection.

During the search, Corporal Charles Curwick found a bag of marijuana in the trunk of a blue Oldsmobile Cutlass, and Officer Thomas Fitts found four bags of marijuana in a white Buick Riviera. Officer Fits also found an additional four bags of marijuana in the crawlspace of a building on Sutton's property. The officers also recovered a firearm.

After these discoveries, Officers Fitts and Curwick entered Sutton's house and Officer Curwick began advising Sutton of their discoveries. But just as Officer Curwick was stating that they had found marijuana in several locations, as well as a gun, Sutton interrupted, stating that all of the marijuana was his and begging the officers not to take his sons to jail. Officer Curwick then arrested Sutton and while escorting him to the squad car, Sutton stated several more times that the marijuana was his. According to Officer Curwick, he then placed Sutton in the squad car and read him his *Miranda* rights, after which he asked Sutton if there was any more marijuana, to which Sutton replied, "No, you have it all."

Based on these facts, the government indicted Sutton, charging him with knowingly possessing more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), and with knowingly possessing a firearm as a convicted felon. The district court later dismissed the firearm

count and struck the "more than 50 kilograms" language from the possession count. Sutton pleaded not guilty and then filed a motion to suppress the statements he made to the officers at his house on October 6, 2000. The district court denied the motion to suppress, and the case proceeded to trial.

At trial, the government presented testimony by Officers Curwick and Fitts about the fruits of their search of Sutton's property and their recovery of the marijuana from Sutton's property. They also testified that Sutton had stated numerous times that the marijuana was his and not his sons'. A chemist also testified as to the weight of the marijuana. Additionally, the government presented, over Sutton's objection, evidence concerning Sutton's 1986 sale of cocaine and possession of marijuana. Specifically, Kankakee Police Sergeant Earl Cote testified that in September 1986, while acting in an undercover capacity, he had purchased cocaine from Sutton. Officer Cote further testified that officers seized marijuana and cocaine from Sutton's property in 1986 and that they found approximately 500 pounds of marijuana hidden in an inoperable automobile on the property. Although the district court originally ruled this evidence was admissible, the following day the district court concluded that the testimony concerning the cocaine should not have been allowed, and accordingly the district court instructed the jury to disregard Cote's testimony with regard to the cocaine sale in 1986 because it was no longer relevant.

A jury convicted Sutton of possession of marijuana with intent to distribute. The district court then sentenced him to 46 months' imprisonment, three years of supervised release and a $100 special assessment. Sutton appeals.

## II.

On appeal, Sutton argues that the district court erred in denying his motion to suppress the statements he made to the officers during his October 6, 2000 arrest. He also claims that the district court erred in admitting evidence concerning his sale of cocaine and possession of marijuana in 1986. Finally, he contends that the evidence was insufficient to support his conviction because there was no evidence that the "marijuana" recovered from his property was of the chemical composition of "marihuana" as defined by Congress.

*Motion to Suppress*

As noted, prior to trial Sutton filed a motion to suppress statements he made to officers at his home on October 6, 2000. In his motion, Sutton argued that the statements he made while in his house and while walking to the squad car were inadmissible because he was in custody, but had not yet been Mirandized. The district court rejected this argument, finding that although Sutton had not yet received his *Miranda* warnings, his statements were nonetheless admissible because they were voluntary admissions and not the result of questioning. Sutton also argued that the statement he made in the squad car ("No, you have it all.") was inadmissible because that statement came only after the officers directly questioned him as to whether there were any more drugs. And according to Sutton, he still had not received a *Miranda* warning. The district court, however, believed Officer Curwick to be more credible and accordingly found that Sutton had in fact been Mirandized in the squad car prior to the questioning, and thus the court admitted that statement as well.

In reviewing a district court's ruling on a motion to suppress, this court reviews the district court's findings of historical fact and credibility for clear error. *United States v. Salyers,* 160 F.3d 1152, 1158 (7th

Cir.1998). A finding of fact is clearly erroneous only if this court is left with "the definite and firm conviction that a mistake has been made." *Id.* This court reviews whether a custodial interrogation occurred de novo. *Id.* at 1159.

■ Against this backdrop then, we consider Sutton's arguments. His first argument is that the statements he made while in his house and later while walking to the squad car were inadmissible because the officers had not given him his *Miranda* warnings. Sutton is correct that, in general, a suspect subjected to a custodial interrogation must be advised of his *Miranda* rights before questioning, or the statement will be inadmissible. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, in this case, the statements Sutton made while in his house and during the walk to the police car were not the result of an interrogation. Rather, Sutton volunteered that the drugs were his and not his sons'. Volunteered statements are not subject to *Miranda* warnings. *United States v. Westbrook,* 125 F.3d 996, 1002 (7th Cir.1997).

Sutton argues in response that his statements were not volunteered but resulted from the officer's "interrogation," namely Officer Curwick's statement to Sutton that they had found marijuana and a gun on his property. Sutton maintains that this was the functional equivalent of an interrogation. Sutton's position, however, is misplaced, because merely reciting the evidence supporting an arrest is not the functional equivalent of an interrogation. *Enoch v. Gramley,* 70 F.3d 1490, 1500 (7th Cir.1996). Although Sutton tries to portray Officer Curwick's statement as an inquiry into the ownership of the marijuana and gun, the facts do not support such a position. Rather, the evidence demonstrates that Sutton interrupted Officer Curwick as soon as he stated that they had found marijuana and a gun, and that

Sutton immediately interjected that they were his and not his sons'. Thus, Officer Curwick's statement cannot reasonably be viewed as questioning concerning the ownership of the contraband. Under these facts, Sutton's statements were volunteered and not elicited by any pre-*Miranda* questioning. Accordingly, the district court properly denied Sutton's motion to suppress those statements.

■ Sutton also claims the district court erred in denying his motion to suppress the statement he made while in the police car in response to Officer Curwick's questioning as to whether they had all the drugs. (Sutton responded, "No, you have it all.") Here questioning clearly occurred, but the district court found that the statement was properly admitted because Officer Curwick had Mirandized Sutton after placing him in the car and before questioning him. Sutton maintains that Officer Curwick never gave him a *Miranda* warning and that the district court clearly erred in finding otherwise. In support of his position, Sutton points to the fact that Officer Curwick's police report fails to note that he Mirandized Sutton. However, during the suppression hearing Officer Curwick explained that he did not mention it in his report because the statements Sutton made while in the car really didn't add anything to Sutton's earlier confession. Although the district court chastised the officers for failing to keep complete records, it also found Officer Curwick more credible than Sutton and accepted Officer Curwick's explanation, concluding that Sutton had in fact been Mirandized before the additional questioning. Because we will not disturb a district court's evaluation of witness credibility unless it is completely without foundation, *United States v. Ferguson,* 35 F.3d 327, 333 (7th Cir.1994), and because that was not the case here, we must accept the district court's finding

that Officer Curwick Mirandized Sutton. Accordingly, the statement Sutton made upon questioning in the police car was admissible and the district court properly denied his motion to suppress.

*Evidence of Past Drug Possession*

Sutton next argues that the district court erred in allowing the government to introduce evidence pursuant to Fed. R.Evid. 404(b) that he possessed marijuana and cocaine on his property in 1986. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b).

Thus, evidence is admissible under Rule 404(b) as long as: (1) it is directed toward establishing a fact in issue other than the defendant's propensity to commit the crime charged; (2) it was sufficient to support a jury finding that the defendant committed the similar act; (3) the other act is similar enough and close enough in time to be relevant to the matter in issue; and (4) the probative value is not substantially outweighed by unfair prejudice. *United States v. Williams*, 238 F.3d 871, 874 (7th Cir.2001). Where a district court admits evidence pursuant to Rule 404(b), our review is for an abuse of discretion. *Id.*

In this case, the government sought to present evidence that, in September 1986, Sutton sold cocaine and possessed more than 500 grams of marijuana. The district court allowed this evidence, finding that the evidence showed motive, plan or intent; was extremely similar in nature and although more than ten years had elapsed,

still close enough in time to be relevant; that the evidence was sufficient to find that Sutton had committed that act; and that the probative value did not substantially outweigh the danger of unfair prejudice. However, after admitting both pieces of evidence, the district court later determined that the evidence concerning the cocaine should have been excluded because it was not similar enough in nature and because the danger of unfair prejudice was too high given that many have a more negative view of cocaine drug dealers than sellers of marijuana.

On appeal, Sutton argues that the district court abused its discretion in admitting this evidence because it was too remote from the charged conduct to be admissible. The prior bad acts in this cases occurred fourteen years before the offense conduct. Although this time gap borders on the outside limit of acceptability, we have upheld both ten- and thirteen-year gaps. *See United States v. Polichemi*, 219 F.3d 698, 709–10 (7th Cir.2000) (10 years not too remote under Rule 404(b)); *United States v. Wimberly*, 60 F.3d 281, 285 (7th Cir.1995) (13–year gap close enough nexus where evidence nearly identical to the charged crime). Other circuits have similarly upheld the admissibility of evidence under Rule 404(b) where the gap exceeded that at issue in this case. *United States v. Terry*, 702 F.2d 299, 316 (2d Cir.1983) (20–year–old conviction admissible to prove knowledge and intent); *United States v. Hernandez–Guevara*, 162 F.3d 863, 873 (5th Cir.1998) (18–year gap not too remote where earlier crime was exactly the same as crime charged).

Given the similarity of the 14–year–old conduct–possession of marijuana by Sutton, stored in an automobile on his property–to the charged offense here, the district court did not abuse its discretion in

admitting evidence concerning the marijuana possession.[1] This is especially true as the prior conduct negates Sutton's attempt to blame his son by arguing that he did not know that the marijuana was in the cars, but that his son was responsible for placing it there. The evidence from 1986 shows that Sutton had hidden drugs in cars before and had done so at a time when his eldest son was only four or five, and thus too young to have been responsible for placing the drugs there. Given Sutton's theory that the drugs were placed in the car by his son, this evidence was also highly probative and the probative value outweighs any unfair prejudice flowing from the evidence. Moreover, the district court gave a limiting instruction, informing the jury that it could only consider this evidence for purposes of determining motive, intent, plan, knowledge and absence of mistake or accident, and such limiting instructions help cure any potential unfair prejudice. *United States v. Brooks*, 125 F.3d 484, 500 (7th Cir.1997).

■ The cocaine, however, presents a closer question because, as the district court recognized, that prior bad act differed in nature from the charged offense. Thus, after admitting the testimony, the district court changed course and decided that that evidence should not have come in, and accordingly it instructed the jury to disregard that testimony. Juries are presumed to follow instructions, *United States v. Jones*, 248 F.3d 671, 676 (7th Cir.2001), and accordingly any error in admitting the evidence in the first instance was cured. Moreover, even if the district court erred in admitting this evidence, the remaining

evidence–including the finding of the marijuana on Sutton's property and his multiple confessions that the drugs were his–overwhelmingly demonstrated Sutton's guilt and therefore any error was harmless.

*Sufficiency of the Evidence*

Sutton's last argument on appeal is that the evidence was insufficient to support his conviction. Here, Sutton makes a very narrow argument: Sutton claims that the evidence was insufficient to establish that the "marijuana" recovered from his property was "marihuana" as defined by 21 U.S.C. § 802(16).

■ In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the government, and we will overturn a jury verdict only if the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. *United States v. Hickok*, 77 F.3d 992, 1002 (7th Cir.1996). Viewing the record in this light, the evidence was more than sufficient to support Sutton's conviction. Specifically, at trial the jury heard testimony from the officers that they seized marijuana from Sutton's residence. Law enforcement officers are qualified based on their experience and familiarity with the drug trade to identify drugs. The jury also heard evidence that Sutton himself identified the substance seized as marijuana, and as we noted in *United States v. Hardin*, 209 F.3d 652, 661 (7th Cir.2000), the people using and trafficking in narcotics are the real experts

1. In response, Sutton cites cases wherein courts held that other acts as recent as one and three years were not sufficiently proximate to justify admission under Rule 404(b). *See United States v. Jimenez*, 613 F.2d 1373, 1376 (5th Cir.1980); *United States v. Gometz*, 879 F.2d 256, 260 (7th Cir.1989). But such divergent outcomes merely highlight the standard of review–abuse of discretion. There is a large range of rulings that are properly within the district court's discretion and the fact that other courts have exercised their discretion in contrary ways does not mean that the district court in this case abused its discretion.

when it comes to identifying a drug. Accordingly, this evidence was more than sufficient to support Sutton's conviction for possession of marijuana with intent to distribute.

Moreover, although none of this evidence spoke to the chemical composition of the marijuana, the law does not require the government to offer scientific tests to prove the chemical make-up of the substances in question.[2] *See United States v. Hardin* 209 F.3d 652, 662 (7th Cir.2000). Rather, the identity of a controlled substance may be proved by circumstantial evidence. *Id.* As we explained in *Hardin,* "a cashier ... doesn't have to bite off a piece of the customer's broccoli to know which vegetable she is ringing up. The identity of a controlled substance may be proved by ... familiarity with the drug." *Id.* at 661–62. That occurred in this case, when the officers, the chemist and the defendant all identified the substance as marijuana. And a reasonable jury could infer that when people speak of "marijuana" colloquially, they mean the same illegal substance "marihuana." Therefore, Sutton's sufficiency of the evidence challenge fails.

### III.

In sum, the district court did not err in denying Sutton's motion to suppress because the statements Sutton made in his house and during the walk to the police car were volunteered and not the result of an interrogation. And the district court did not commit clear error in finding that the statement Sutton made in the car occurred only after Officer Carwick Mirandized him. The district court also did not err in admitting evidence of Sutton's 1986 possession of marijuana, as that evidence showed Sutton's knowledge and intent to possess drugs and to hide them in automobiles.

Finally, the evidence was more than sufficient to support Sutton's conviction for possession of marijuana with intent to distribute because the jury heard from both the officers, a chemist, and Sutton himself, and all identified the substance as marijuana. For these and the foregoing reasons, we AFFIRM.

---

2. Although a chemist testified at trial, she merely testified as to the quantity of "marijua-na" recovered and did not testify as to the chemical composition of the marijuana.