**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chester A. SINGLETON, Defendant–
Appellant.**

**No. 01–3697.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 2002.

Decided Dec. 13, 2002.

Before BAUER, POSNER, and DIANE
P. WOOD, Circuit Judges.

### ORDER

Chester A. Singleton pleaded guilty to two counts of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C), and he was convicted following a jury trial of a third count for possession with intent to distribute at least five grams of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced him to concurrent terms of 120 months' imprisonment for each count, concurrent terms of six and eight years of supervised

release, a $2000 fine, and a $300 special assessment. Singleton appealed, but his counsel could not discern a nonfrivolous issue to appeal and now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Singleton was notified of his counsel's motion, *see* Cir. R. 51(b), but has not responded. Therefore, we limit our review to the issues raised in counsel's facially adequate *Anders* brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel discusses are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first discusses whether Singleton could argue that his plea was invalid because the district court failed to comply with Federal Rule of Criminal Procedure 11. We have explained, however, that appellate counsel should not discuss this issue in an *Anders* brief unless the defendant wants to withdraw his guilty plea. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Because nothing in the record suggests that Singleton wishes to withdraw his plea and he did not respond to counsel's brief saying he wished to withdraw it, we agree that an appeal on this issue would be frivolous.

Counsel next discusses two evidentiary issues raised at trial, both relating to the admissibility of evidence offered by the government to show that Singleton intended to sell the crack cocaine in his possession. First, counsel considers whether Singleton could argue that evidence of his previous conviction in 1994 for selling crack cocaine should have been excluded as a prior bad act. Fed.R.Evid. 405(b). Evidence of a previous sale, however, is relevant to show intent to sell on a subsequent occasion, *see* Fed.R.Evid. 404(b); *United States v. Allison*, 120 F.3d 71, 74 (7th Cir.1997), and is not too remote in

time to be inadmissible if the previous sale occurred within ten years. *United States v. Tringali*, 71 F.3d 1375, 1379 (7th Cir. 1995). Second, counsel considers whether Singleton could challenge the admission of expert opinion testimony by a DEA agent that the amount of crack cocaine in his possession constituted a typical distributable, dealer quantity. We have explained, however, that such expert testimony is admissible to show that the defendant intended to sell the drugs in his possession. *United States v. Brumley*, 217 F.3d 905, 910–11 (7th Cir.2000). Therefore, we agree that an appeal on these issues would be frivolous.

■ Counsel also discusses whether Singleton could argue that the district court erred in admitting testimony regarding a statement he made to an undercover officer during a cocaine sale that he could also sell her crack cocaine. Counsel considers whether this evidence should have been excluded because the government did not disclose this statement before trial. *See* Fed.R.Crim.P. 16(a). Rule 16(a), however, requires the disclosure of relevant statements made by the defendant "in response to interrogation by any person then known to the defendant to be a government agent." Fed.R.Crim.P. (16)(a)(1); *United States v. Scott*, 223 F.3d 208, 212 (3d Cir.2000). Because Singleton made his statement to a person whom he did not know was a government agent, we agree that this issue would be frivolous on appeal.

■ Finally, counsel considers whether Singleton could argue that there was insufficient evidence to support his conviction. We would review such a claim by considering the evidence in the light most favorable to the government and drawing reasonable inferences in its favor. *United States v. Taylor*, 226 F.3d 593, 596 (7th Cir.2000). To support the conviction, the government offered evidence that Single-

ton (1) was arrested with 6.1 grams of crack in his possession; (2) told the undercover officer previously that he could sell her crack; (3) did not possess a crack pipe but did possess $2,500 in cash, a cell phone, and a pager; (4) told an officer that he did not use drugs. In addition, the government offered evidence that the amount in Singleton's possession constituted a typical distributable amount, and a witness testified that Singleton had sold her crack on previous occasions. Given this evidence, we agree with counsel that sufficient evidence supports the conviction and such a challenge on appeal would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED. We thank Singleton's attorneys for their work in this case.