NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 5, 2008
Decided August 28, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1601

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>KIMANI L. FLEMING, a/k/a Kamari<br>Merryweather,<br>*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District of<br>Indiana, South Bend Division.<br><br>No. 07 CR 91<br><br>Robert L. Miller, Jr.,<br>*Chief Judge.* |

**O R D E R**

Kimani Fleming was convicted of distributing and possessing with intent to distribute crack, unlawfully transporting firearms, possessing a firearm in connection with his drug offenses, and possessing a firearm even though he was a felon, all during August 2007. At trial, five witnesses testified that Fleming sold crack throughout 2006 and 2007. Fleming appeals, arguing that the district court should not have admitted this testimony because it was impermissible evidence of his prior bad acts. Because the testimony was relevant to the questions of Fleming's knowledge and intent, two of the exceptions to the "prior bad acts" rule, we affirm.

**Background**

Fleming began selling large amounts of crack in 2006 using three houses in Elkhart, Indiana as his bases of operation.  He was caught when federal agents, acting through two of Fleming's customers who had been apprehended, made four controlled buys from him in August 2007.  Following the controlled buys, agents obtained a warrant and searched one of Fleming's houses, finding Fleming along with two scales, razor blades, baggies, a cell phone, marijuana, powder cocaine, baking soda (which is used to cook powder cocaine into crack), and three firearms.  Fleming was charged with one count of possessing with intent to distribute crack, four counts of distributing crack, one count of possessing a firearm in connection with the drug crimes, and one count of possessing a firearm despite his prior felony convictions.  *See* 18 U.S.C. §§ 922(g)(1), 924(c); 21 U.S.C. 841(a)(1).

Before trial, the government gave notice of its plan to introduce testimony from Fleming's accomplices and customers. They were expected to describe their interactions with Fleming before August 2007, when the controlled buys were made.  At trial, after Joetta Penn testified that she bought drugs from Fleming in 2006 and 2007, Fleming objected to any further similar evidence from additional witnesses, arguing that the proposed testimony would be unduly prejudicial and would prove only that he was prone to committing drug crimes.  Notably, however, Fleming did not object to Penn's testimony or seek a limiting instruction.  The government countered that the testimony was admissible because it would establish Fleming's knowledge and intent to commit the charged crimes. The district court, noting that the government was entitled to present some evidence regarding intent, overruled Fleming's objection.  The next two witnesses relevant to this appeal—Lindy Aitken and Rachel Gerschoffer—proceeded to testify regarding their drug purchases in 2006 and 2007 without further objection from Fleming.

Another of Fleming's customers, Michael Herring, testified that he too purchased crack from Fleming during 2006 and 2007, but not during August 2007 because he was incarcerated.  Fleming again objected, and the district court concluded that Herring's testimony was admissible to show intent and knowledge, but it agreed to instruct the jury not to consider the testimony for any other purpose.  Jason Lucas, Fleming's right-hand man, next testified that during 2006 and 2007 he and Fleming usually drove to Detroit once a week to buy powder cocaine and then, when they returned to Indiana, they used baking soda to cook the powder cocaine into crack.  He noted, though, that he did not aid Fleming in his drug operation during the month of August 2007 because he, like Herring, was incarcerated.  The district court once again instructed the jury that it could consider pre-August 2007 evidence only for the limited purposes of intent and knowledge.  This instruction applied to all the pre-August 2007 evidence presented at trial. The court

repeated this instruction a third time after closing arguments and before the jury began its deliberation.  Fleming was convicted of all seven counts against him and sentenced to life in prison.

## Analysis

Federal Rule of Evidence 404(b) prohibits the use of prior convictions or other evidence of bad acts to establish that the defendant is the kind of person who commits crimes.  *See United States v. Ross*, 510 F.3d 702, 713 (7th Cir. 2007).  The rule does, however, permit the government to introduce evidence of prior bad acts to prove other, material, facts, including intent and knowledge.  *Id.*  Evidence is admissible under Rule 404(b) if "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice."  *United States v. Dennis*, 497 F.3d 765, 768 (7th Cir. 2007) (internal quotation marks and citation omitted).  When a defendant objects to the admission of evidence at trial, we review the district court's Rule 404(b) decision for an abuse of discretion.  *See United States v. Price*, 516 F.3d 597, 603 (7th Cir. 2008).  But if the defendant says nothing at trial (and here Fleming neglected to object to Penn's testimony), our review is for plain error.  *See United States v. DeSilva*, 505 F.3d 711, 717-18 (7th Cir. 2007).

Fleming rests his argument that the district court erred in admitting the testimony of Lucas, Penn, Aitken, Gerschoffer, and Herring on the first and last prongs of the four-prong test.  According to Fleming, their testimony proved only that he had sold drugs in the past and did nothing to prove that he also sold drugs during the controlled buys.  And, Fleming continues, the testimony unfairly prejudiced him because its only purpose was to "paint [him] as a big time drug dealer."

The government correctly replies that portions of Aitken and Gerschoffer's testimony are not even governed by Rule 404(b) because both witnesses reported, in part, that they bought crack from Fleming during August 2007, and that testimony is direct evidence regarding the charged crimes.  *See United States v. Lane*, 323 F.3d 568, 579 (7th Cir. 2003) (observing that Rule 404(b) is inapplicable where "bad acts" are direct evidence of charged offense).  The government further contends that Aitken and Gerschoffer's descriptions of buying crack from Fleming before August 2007 are not subject to Rule 404(b) because that testimony was "inextricably intertwined" with their direct evidence that Fleming also sold them crack during August 2007.

We have recently observed, though, that the "inextricably intertwined" formula is "unhelpfully vague" and that there is no need to tangle with that murky doctrine when one of the express exceptions to Rule 404(b) applies. *United States v. Taylor*, 522 F.3d 731, 734-35 (7th Cir. 2008). And in this case, Aitken and Gerschoffer's testimony, along with that of Herring and Lucas, did fall within one of the Rule 404(b) exceptions—it showed Fleming's intent. Fleming was charged with specific intent crimes, *see United States v. Mallett*, 496 F.3d 798, 802 (7th Cir. 2007), and evidence of prior acts of drug trafficking is relevant to whether a defendant intended to sell drugs or simply intended to use the drugs for personal consumption, s*ee United States v. Vaughn*, 267 F.3d 653, 659 (7th Cir. 2001); *United States v. Griffin*, 194 F.3d 808, 820 (7th Cir. 1999); *United States v. Allison*, 120 F.3d 71, 74-75 (7th Cir. 1997). Moreover, Lucas's testimony that Fleming knew how to cook crack from powder cocaine and baking soda—the ingredients found in his house—showed Fleming's knowledge, another of the Rule 404(b) exceptions. *See United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001) (noting that knowledge that substance is a narcotic is often proven through testimony about prior drug sales). The testimony Fleming challenges therefore satisfies the first prong of the test.

Fleming contends that our decision in *United States v. Beasley*, 809 F.2d 1273 (7th Cir. 1987), compelled the district court to exclude the prior bad acts testimony. But in that case, the district court wrongly thought that evidence showing a pattern of bad acts was admissible on its own, without evaluating whether the evidence fell within an exception to 404(b)'s general rule of exclusion. *Id.* at 1278. Moreover, the district court in *Beasley* failed to consider the prejudicial effects of the prior bad acts evidence. *Id.* at 1279. The district court made no such error in Fleming's case. It properly considered the prejudicial impact of admitting evidence that Fleming sold crack in the past and reasonably concluded that the evidence was relevant to show intent and knowledge. The district court also reduced any potential prejudice to Fleming by instructing the jury three times that it could not consider evidence that Fleming sold crack before August 2007 for any purpose other than intent or knowledge, *see United States v. Moore*, 531 F.3d 496, 500 (7th Cir. 2008). We may presume that the jury followed that instruction, which Fleming does not challenge, *see United States v. James*, 487 F.3d 518, 525 (7th Cir. 2007). Thus Fleming's argument that the fourth element of the test was not met also fails.

Finally, Fleming neglected to object to Penn's testimony, which was almost identical to that of Aitken and Gerschoffer, and so we assess the district court's admission of her testimony for plain error. *See DeSilva*, 505 F.3d at 717-18. But because Fleming has not shown that the court abused its discretion in admitting evidence of his prior drug sales, he necessarily cannot succeed under a plain error standard. *See United States v. Carter*, 530 F.3d 565, 575-76 (7th Cir. 2008) (noting that plain error review is more stringent than the abuse of

discretion standard).  The district court therefore properly admitted the testimony of all five witnesses.

## Conclusion

Because the district court did not err in admitting evidence of Fleming's prior bad acts, we AFFIRM his conviction.