In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-1404

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KIMANI LANIER FLEMING,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:07-CR-91—**Robert L. Miller, Jr.**, *Judge.*

ARGUED SEPTEMBER 26, 2011—DECIDED APRIL 17, 2012

Before CUDAHY, POSNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Kimani Lanier Fleming was found guilty by a jury of several serious drug and firearm charges, for which he received a mandatory life sentence. Fleming's counsel appealed his conviction on evidentiary grounds, and this court affirmed. Fleming then filed a petition under 18 U.S.C. § 2255 asserting that his counsel had been constitutionally ineffective. In response to Fleming's petition, the government admitted

that it had failed to file its notice of enhanced penalty within the permitted time. This prompted the district court to set aside Fleming's mandatory life sentence and to hold a hearing on the other issues raised in his § 2255 petition. Ultimately, the court resentenced him to a term of 480 months' imprisonment. Fleming has appealed again, challenging both his conviction for possession of cocaine base with intent to distribute and his revised sentence. He has no certificate of appealability, however, permitting his appeal on the conviction, and we decline to grant one. The only issue properly before us is whether it was appropriate for the district court to include routine drug purchases as relevant conduct when it computed the revised sentencing guideline range. Finding no clear error in that decision, we affirm Fleming's revised sentence.

## I

Fleming (also known as "K" and Kamari Merryweather) began selling significant quantities of crack cocaine out of three properties in Elkhart, Indiana, in 2006. In July 2007, federal agents began collecting evidence about Fleming's drug dealing operation. Using informants, the agents set up four controlled buys from Fleming in August 2007; each one took place at a house located at 403 9th Street, in Elkhart. The ruse succeeded: Fleming sold 6.68, 13.84, 31.27, and 30.88 grams of crack cocaine over the course of the four transactions. Next, the agents obtained a search warrant for the 9th Street property. Once there, they found firearms, powder

cocaine, marijuana, and materials used to cook and package crack cocaine.

At trial, several witnesses testified that Fleming sold crack cocaine to them during 2006 and 2007. In addition, Jason Lucas testified that he distributed Fleming's crack cocaine. He recounted that he traveled with Fleming from Elkhart to Detroit, Michigan, about every eight days during the months of December 2006 to April 2007. Fleming typically purchased four to nine ounces of powder cocaine per trip. Lucas and Fleming would then cook the powder into crack after they returned to Detroit. When one ounce of powder cocaine is cooked, according to the South Bend Police, it yields a little over one ounce of crack.

The jury convicted Fleming on December 13, 2007, on all seven counts. Relevant to this appeal, he was convicted on Count 1, possession with intent to distribute more than 50 grams of crack in violation of 21 U.S.C. § 841(a)(1). Fleming was sentenced on February 26, 2008, to life imprisonment for Count 1, with varying sentences for the other convictions. The district court gave Fleming a mandatory life sentence for Count 1 because of Fleming's prior criminal convictions.

Fleming appealed his convictions on evidentiary grounds, but this court affirmed. *United States v. Fleming*, 290 F. App'x 946, 948 (7th Cir. 2008). Following his unsuccessful direct appeal, Fleming filed a petition (and, later, an amended petition) under 28 U.S.C. § 2255 asserting that he had received ineffective assistance of counsel at trial. Among other things, he argued that his counsel

failed properly to challenge the government's late notice of sentence enhancement and that counsel should have challenged his possession conviction because none of the controlled buys individually involved 50 or more grams of crack cocaine. The government admitted in its response to Fleming's petition that its written notice of sentence enhancement was filed three days late. The government was required under 21 U.S.C. § 851 to give Fleming this notice before trial or the entry of a plea. The jury trial began on December 11, 2007, but the government did not file its written notice until December 14, 2007.

The district court denied some of Fleming's requests summarily, and it held an evidentiary hearing to consider others. During the hearing, it explored some of Fleming's ineffective assistance assertions; in the end, it concluded that Fleming was entitled to be resentenced without the mandatory life sentence in light of the government's late § 851 notice. Relevant to this appeal, the district court denied Fleming's attempt also to challenge his possession conviction, because it deemed aggregation of drug quantities permissible under Seventh Circuit precedent. It resentenced Fleming to concurrent terms of 420 months for the conviction for possession with intent to distribute 50 grams or more and the three convictions for distribution of more than five grams of crack, 240 months for the crack distribution conviction, 120 months for one firearm conviction, and a consecutive 60-month sentence for the other firearm conviction, making a total of 480 months. This appeal followed.

## II

Fleming, urging again that the government never proved that he distributed more than 50 grams at one time, first would like to challenge the sufficiency of the evidence to convict him on Count 1 for possession with intent to distribute. As we noted, federal agents coordinated four controlled buys of crack from Fleming. When aggregated, the quantities of crack exceed 50 grams, but no individual transaction reached that threshold. The initial jury instructions stated only that the jury should conclude that Fleming violated 21 U.S.C. § 841(a)(1) if it found that he possessed more than 50 grams. When the jury sent out a question asking whether the 50-gram level could be reached by aggregating the individual amounts, the court answered in the affirmative.

At the resentencing hearing that followed Fleming's petition under § 2255, he urged the district court to follow *United States v. Sandlin*, 291 F.3d 875, 879 (6th Cir. 2002), which prohibits such aggregation. The district court, however, rejected this argument because it interpreted this court's decision in *United States v. Easter*, 553 F.3d 519, 523 (7th Cir. 2009), to permit aggregation.

Fleming is now trying to appeal from that determination. The government asserts that this court lacks jurisdiction to pursue the point because Fleming did not secure a certificate of appealability (CA) that would have permitted an appeal of the district court's partial denial of his § 2255 petition. Fleming's petition succeeded in part and failed in part: he obtained the relief

he sought—new sentencing—with respect to the validity of his life sentence, but he did not persuade the court that there was anything wrong with the aggregation of the amounts of drugs he sold. Insofar as he is now appealing from the new sentence, he is essentially bringing a direct appeal for which he needs no CA. The question is whether he needs a CA for his challenge to the aggregation ruling, which is the part of the case that was rejected in his § 2255 proceeding. Although we have not had occasion to address this situation before, our sister circuits have done so and have unanimously concluded that a CA is needed for the part of the case that challenges the denial of collateral relief. See *United States v. Willis*, 649 F.3d 1248, 1253 (11th Cir. 2011); *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010); *United States v. Haden*, 475 F.3d 652, 664 (4th Cir. 2007); *United States v. Green*, 242 F.3d 384 (9th Cir. 2000); *United States v. Johnson*, 208 F.3d 227 (10th Cir. 2000); *United States v. Reese*, 204 F.3d 1117, 1117 (5th Cir. 1999). We see no reason to part company with them, and we thus conclude that Fleming is not entitled to challenge the adverse portion of the district court's decision on his § 2255 motion without a CA. As of now, neither the district court nor this court has granted one, and so without further action, he is out of luck.

Anticipating the possibility of this conclusion, Fleming has asked that we consider his present appeal as including an implicit request for a CA. See FED. R. APP. P. 22(b)(2). Before a CA may be granted, however, the petitioner must present a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

He must have a *constitutional* claim (or an underlying procedural argument on which a constitutional claim depends), and he must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 281 (2004); see also *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). A § 2255 petition is "not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003).

Fleming's complaint about the manner in which his drug quantities were treated does not meet that demanding standard. He did not challenge the jury instructions on his earlier direct appeal, and so he can avoid procedural default only if we find that "failure to consider the issue would amount to a fundamental miscarriage of justice*." Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Fleming's argument on this part of the case has never rested on ineffective assistance of counsel. He says only that the jury instructions were improper. Indeed, Fleming does not mention his former counsel once in his CA briefing.

Even if Fleming had argued that his former counsel provided ineffective assistance for failing to raise the aggregation challenge to his possession conviction, we see nothing on this record that would support a finding of a substantial showing of a denial of a constitutional right. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Fleming had to show that his counsel's "performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); see

*Brown v. Finnan*, 598 F.3d 416, 419 (7th Cir. 2010). This is not easy, because courts must presume that counsel is effective. See *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); see also *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). While Fleming's former counsel could have challenged the jury instructions more aggressively, we cannot say that his decision not to object "fell below the standard of competency." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). When the jury submitted its aggregation question to the court, counsel requested that the judge adhere to the instructions without adding any explicit approval of aggregation. This action amounted to an objection to the supplemental instructions that the court gave. Following the conviction, Fleming's counsel appealed evidentiary rulings, choosing to exclude the aggregation instruction from the appeal. We cannot say that counsel's strategic decision deviated from prevailing professional norms, particularly because this circuit had not laid down a clear rule on the issue. *Strickland*, 466 U.S. at 690 (stating that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). We conclude that Fleming has not persuaded us to grant a CA based on alleged ineffectiveness of counsel.

## III

This leaves Fleming's claim that he was improperly resentenced; as we noted earlier, because he succeeded in this aspect of his § 2255 petition and he won a new sentencing hearing, this is in effect his direct appeal and

no CA is necessary. We review the district court's calculation of drug quantity for clear error. *United States v. Cox*, 536 F.3d 723, 728 (7th Cir. 2008). The district court found that Fleming's course of conduct involved more than 4.5 kilograms of crack cocaine during the year leading up to his arrest in 2007. It based its finding on the Presentence Report prepared by the probation officer, although that report included the more aggressive recommendation that Fleming should be held responsible for 5.11 kilograms of crack. Lucas testified that he and Fleming obtained four to nine ounces of powder cocaine in Detroit approximately once a week from December 2006 to April 2007. The court concluded that Fleming likely had engaged in this activity (although probably not rigidly) both before meeting Lucas in December 2006 and after Lucas's incarceration in April 2007, all the way up to Fleming's arrest in August 2007. In essence, the court extrapolated Lucas's testimony about weekly quantities to the full year before Fleming's arrest. The court found that this estimate was reasonable, given that Fleming had about 90 grams of cocaine in his possession in August 2007. The estimate found further support in the testimony from Fleming's customers about the amount of crack they observed in his possession.

Fleming takes exception to the court's extrapolation of Lucas's account. He argues that the court erred by treating Lucas's testimony as "indicative of how much powder cocaine Mr. Fleming needed every week or two to supply his customers with crack cocaine." Fleming believes that he should be held responsible only for 1.703

kilograms, which represents the quantity Lucas directly witnessed.

"Relevant conduct" under U.S.S.G. § 1B1.3(a)(2) includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." The "same course of conduct" includes offenses that are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, App. Note 9(B). Characteristics of offenses that are pertinent to a finding of "same course of conduct" include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id*. The government may request that the court enhance a defendant's sentence for uncharged conduct, so long as it shows that such conduct occurred by a preponderance of the evidence. *United States v. Johnson*, 643 F.3d 545, 551 (7th Cir. 2011). The district court must make its determination on the basis of reliable evidence. *Id*.

This court has previously stated that drug quantity evidence must be based on something more than mere "nebulous eyeballing." *United States v. Hollins*, 498 F.3d 622, 631 (7th Cir. 2007) (internal quotations omitted). Nevertheless, the Sentencing Guidelines allow the district court to use reasoned "speculation and reasonable estimation" of drug quantity. *Id.*; see also U.S.S.G. § 2D1.1, App. Note 12. The district court may also "take witness' estimates of the amount of drugs they purchased and multiply that by the minimum quantity sold on each

occasion, as well as extrapolate drug quantities from the amount of money used to purchase the drugs." *United States v. Durham*, 211 F.3d 437, 444 (7th Cir. 2000).

Contrary to Fleming's claim, the district court did not simply assume, based exclusively on Lucas's testimony, that the conduct Lucas described continued unabated for the year in question. The evidence presented at trial showed that Fleming was a regular drug dealer during at least the period covered by much of 2006 and 2007 and that he needed at least four grams of crack cocaine approximately every eight days to meet his customers' demand. The district court reasonably relied in part on Lucas's testimony as an indication of the amount of cocaine powder Fleming was moving.

We AFFIRM the judgment of the district court, and we DENY Fleming's implicit request for an expanded CA.