NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014
Decided July 24, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3101

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09cr188 |
| ROBERT A. BRYANT, *Defendant-Appellant.* | James B. Zagel, *Judge.* |

**O R D E R**

Robert Bryant ran a business reselling "certificates of purchase" he acquired at auction from Cook County, Illinois. Periodically the county conducts a "scavenger sale" to auction property-tax liens that have not sold at an annual sale; the liens are extinguished in favor of the certificate of purchase, but the certificate does not guarantee that the holder will acquire the property. *See* 35 ILCS § 200/21-260. Bryant promised to refund his buyers' money if the owner of the real estate later paid the delinquent taxes or the county concluded that the tax lien had been issued by mistake. But as business progressed he stopped honoring that promise, and in some instances Bryant failed to deliver the certificates his investors had paid for.

In 2009 the government accused Bryant of bilking investors of $1.3 million, and charged him with mail and wire fraud, 18 U.S.C. §§ 1341, 1343, making false statements to a financial institution, *id.* § 1014, and structuring currency transactions to avoid bank reporting requirements, 31 U.S.C. § 5324(a)(3). Bryant pleaded guilty to a single count of structuring, and as part of his plea agreement he waived his right to appeal "any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law." By default the statutory maximum for structuring is 5 years, but that penalty is enhanced to 10 years if the violation was "part of a pattern of any illegal activity involving more than $100,000 in a 12-month period." 31 U.S.C. § 5324(d)(1), (2). The district judge found by a preponderance that the factual criteria for the enhanced penalty were established and sentenced Bryant to 9 years in prison. Bryant did not appeal.

On collateral review under 28 U.S.C. § 2255, the government conceded that the 9-year sentence exceeded the statutory maximum because the district judge had not found the facts necessary to impose the enhanced penalty beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The district court vacated the sentence, appointed counsel, and resentenced Bryant to 5 years. Bryant filed a notice of appeal, but the government has moved to dismiss the case based on the appeal waiver. *See United States v. Mason*, 343 F.3d 893, 893–94 (7th Cir. 2003). In response, Bryant's counsel concedes that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Because counsel's brief addresses the issues that an appeal of this kind might be expected to involve and the analysis appears to be thorough, we limit our review to the subjects that counsel has discussed, plus the additional issues that Bryant, disagreeing with counsel, believes have merit. *See* CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel notes that Bryant's guilty plea (and thus his appeal waiver) is not open to attack because he did not file a direct appeal after his conviction. *See United States v. Longstreet*, 669 F.3d 834, 838 (7th Cir. 2012). As counsel correctly concludes, this enforceable waiver makes any argument about his 5-year sentence frivolous. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008).

Bryant says in his Rule 51(b) response that he would argue on appeal that he was resentenced "without counsel." He is wrong. Bryant had counsel at the resentencing hearing (his first appointed lawyer withdrew based on irreconcilable differences, and he tried to get his substitute counsel replaced the day before his resentencing, but the judge

denied that request as made too late). If Bryant means to assert that his lawyer at resentencing was deficient, his contention is foreclosed by his appeal waiver, which allows only claims of ineffective assistance "relat[ing] directly" to the waiver or its negotiation. *See Jones v. United States*, 167 F.3d 1142, 1145–46 (7th Cir. 1999). The rest of his response discusses claims that the district court has allowed him to include in a supplemental motion in the ongoing § 2255 proceeding and are not properly before us. *See* 28 U.S.C. § 2253(c); *United States v. Fleming*, 676 F.3d 621, 624–25 (7th Cir. 2012).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.